**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| **IN RE:** | **Case No. 26-00430-NGH** |
| **NAVARRETE FARMS, LLC,** | |
| **Debtor.** | **Chapter 12** |

# MEMORANDUM OF DECISION

Farmers Supply Cooperative ("FSC") missed the deadline to file a proof of claim in this chapter 12 case and now asks for permission to file its claim late. Doc. No. 48 (the "Motion"). Navarrete Farms, LLC ("Debtor") objects. Doc. No. 56. FSC relies on the informal proof of claim doctrine and argues that the monthly account statements it sent Debtor during the claims period were a timely informal proof of claim that FSC may now amend by filing a formal claim. The Court agrees and will grant FSC's Motion. The following constitutes the Court's findings of fact, conclusions of law, and disposition of the matter.

## BACKGROUND

Debtor filed this chapter 12 case on May 14, 2026. Doc. No. 1. Debtor scheduled FSC's debt as secured but listed the collateral value and the secured amount as undetermined. Doc. No. 18 at 11. Debtor's first chapter 12 plan placed FSC's potential claim in Class V and provided unsecured treatment for that claim if FSC filed a proof of claim and the claim was allowed. Doc. No. 47 at 7. Debtor reasoned that senior liens

exceeded the collateral's value, leaving FSC's interest in the collateral with no value and its claim unsecured under § 506(a).[1] *Id.*

The nongovernmental claims deadline was July 23, 2026. Doc. No. 9 at 2. FSC failed to file a proof of claim by that date. On August 13, 2026, FSC filed the Motion seeking leave file its claim late. Doc. No. 48. FSC explained that its attorney was badly injured in a motor vehicle accident just weeks before the claims bar date and could not fully return to his practice until after the deadline had passed. FSC argued that the Court should allow its late claim because (1) counsel's incapacity, not any fault of FSC, caused the failure to file on time, and (2) Debtor acknowledged its debt to FSC and provided for it in its chapter 12 plan. *Id.*

Debtor objected and correctly noted that a chapter 12 creditor cannot enlarge the time to file a proof of claim by demonstrating excusable neglect under Rule 9006(b)(1)(B). Doc. No. 56. Under Rule 9006(b)(3), the Court may extend the claims bar deadline in a chapter 12 case only to the extent and under the conditions stated in Rule 3002(c). Debtor argued that none of those conditions applied in this case. *Id.*

At the first hearing, FSC shifted its argument and invoked the informal proof of claim doctrine. Because FSC raised that argument for the first time at the hearing, the Court continued the hearing and directed FSC to file supplemental briefing. In that briefing, FSC asked the Court to find that account statements it had sent Debtor during

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9038.

the claims period were a timely informal proof of claim that FSC may now amend. Doc. Nos. 64, 65.

To support its argument, FSC filed a declaration from its CFO. Doc. No. 75 (the "Declaration"). The Declaration acknowledges that FSC received notice of Debtor's bankruptcy filing around May 26, 2026. *Id.* at 2, ¶ 4. It also states that FSC sent computer-generated account statements to Debtor's usual mailing address by first-class mail in the ordinary course of business. *Id.* at 2, ¶¶ 3, 6. FSC continued to send those monthly statements to Debtor even after it received notice of Debtor's bankruptcy filing. Statements dated February 28 through August 31, 2026, are attached to the Declaration. *Id.* at 2, ¶ 5. The statements list no mailing dates, and only some are dated within the claims period. Declaration at 2, ¶ 5. The statements represent that Debtor owed FSC $1,777,180.70 when it filed for bankruptcy. Debtor opposes treating the statements as an informal claim. Doc. No. 68 at 2–4.

**ANALYSIS**

**A. Timely Informal Proof of Claim Standard**

To establish a timely informal proof of claim, FSC must show (1) a writing was presented during the claims period, (2) by FSC or on its behalf, and (3) the writing brought the nature and amount of FSC's claim against the estate to the Court's attention. *In re Parrott Broad. Ltd. P'ship*, 518 B.R. 602, 608 (Bankr. D. Idaho 2014). The writing must make an explicit demand and show an intent to hold Debtor liable. *Anderson-Walker Indus., Inc. v. Lafayette Metals, Inc. (In re Anderson-Walker Indus., Inc.)*, 798 F.2d 1285, 1287 (9th Cir. 1986).

### 1. Writings Presented by FSC

As noted, FSC provided the Court with account statements sent to Debtor, dated February 28 through August 31, 2026. Declaration at 2, ¶ 5. FSC generates monthly statements for all its customers and mails them by first-class mail in the ordinary course of business. *Id.* at 2, ¶ 3. FSC sent Debtor's statements to the same address it had used for Debtor in prior years. *Id.* at 2, ¶ 6. None of the statements was returned as undeliverable, and Debtor never told FSC that a statement had not arrived. *Id.* at 2, ¶¶ 6–7.

The record does not reflect exactly when FSC mailed the statements or when Debtor received them. *See* Doc. No. 65 at 2; Declaration at 2, ¶¶ 3–7. However, properly mailed documents are presumed received, and evidence of an established mailing practice may support that presumption. *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 206–07 (9th Cir. 1991). The May 31 and June 30 statements are dated after the petition date and several weeks before the July 23 claims bar date. Declaration at 67. Based on FSC's regular mailing practice, the absence of any report that a statement did not arrive, and the dates listed on the statements, the Court finds that FSC sent, and Debtor received, at least one statement after Debtor filed its petition and before the claims bar date.

### 2. Presentation to an Estate Representative

Debtor notes that FSC sent the statements to Debtor, not to the Court or the trustee. Doc. No. 68 at 3. While Debtor raised that point when responding to FSC's judicial estoppel argument, it could also be read as an argument that FSC did not meet the

requirement that the writing be brought to the Court's attention. That requirement does not mean the writing must be filed with the Court. *In re Parrott Broad.*, 518 B.R. at 610–12. Instead, delivery to an estate representative, such as a trustee, is sufficient. *Id.* The Ninth Circuit has also concluded that delivery to a chapter 11 debtor in possession satisfies the requirement, because the debtor in possession holds a trustee's powers under § 1107(a). *Sambo's Rests., Inc. v. Wheeler (In re Sambo's Rests., Inc.)*, 754 F.2d 811, 815–16 (9th Cir. 1985).

Section 1203 grants a chapter 12 debtor in possession the rights and powers of a chapter 11 trustee, subject to certain exceptions and court-imposed limitations. 11 U.S.C. § 1203. A chapter 12 debtor ordinarily becomes a debtor in possession upon filing a petition. *In re Kapperud*, 2023 WL 5421812, at *3 (Bankr. D. Mont. Aug. 22, 2023); 8 COLLIER ON BANKRUPTCY ¶ 1203.01 (16th ed. 2026). The appointment of a chapter 12 trustee does not displace those powers. 11 U.S.C. § 1203. A debtor loses those powers only if the court removes it as a debtor in possession. 11 U.S.C. § 1204. Debtor became a debtor in possession when it filed its chapter 12 petition and has not been removed from the position. Debtor was therefore a proper estate representative to receive an informal proof of claim.

**3. Nature, Amount, and Intent**

An informal claim need not include every item required in a formal claim. *County of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.)*, 597 F.2d 181, 182–83 (9th Cir. 1979). However, it "must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor

liable." *In re Sambo's Rests.*, 754 F.2d at 815. The question is what the writings communicate in context. *See Anderson-Walker*, 798 F.2d at 1287–88; *see also In re Daystar of Cal., Inc.*, 122 B.R. 406, 409–10 (Bankr. C.D. Cal. 1990) (holding that invoices stating the nature and amount of prepetition debts constituted amendable informal proofs of claim). In *Franciscan Vineyards*, a creditor sent the trustee a letter enclosing two tax bills. 597 F.2d at 182–83. Those documents were an amendable informal proof of claim because they identified an unpaid tax debt and showed that the creditor intended to collect from the estate. *Id*. In *Anderson-Walker*, a creditor sent the trustee's attorney a letter stating the amount owed, with an invoice enclosed. 798 F.2d at 1288. That letter was also an amendable informal proof of claim because it showed the creditor's intent to collect the debt. *Id*.

The May 31 and June 30 account statements identify Debtor and its account, state the balance due, and provide payment deadlines. Declaration at 6–7. They also state, "[y]ou remain obligated to pay the parts of your bill not in dispute." *Id.* Therefore, the statements request payment and assert that Debtor remains obligated to pay the account debt. Considering what the statements say, that FSC had received notice of Debtor's bankruptcy, and that FSC sent the statements to Debtor while it was a debtor in possession, the Court finds that the statements asserted FSC's claim against the estate.

Debtor objects because the statements do not identify the claim as secured or unsecured. Doc. No. 68 at 3. But the question is whether the writings supply the substance of a claim, not every detail required by a formal claim. *In re Franciscan Vineyards*, 597 F.2d at 182–83. These account statements identify the account obligation

and demand payment. The failure to characterize the claim as secured or unsecured does not defeat the statements' sufficiency as an informal proof of claim. In sum, FSC has established a timely informal proof of claim. The Court next considers whether FSC may file a formal proof of claim as an amendment.

**B. Amending an Informal Claim**

An amendment to a timely informal proof of claim may cure defects or add detail but may not assert a new claim. *In re Sambo's Rests.*, 754 F.2d at 816–17. Courts freely allow such amendments unless they would prejudice an opposing party. *Id.* The party objecting to amendment bears the burden of showing prejudice. *In re Parrott Broad.*, 518 B.R. at 609. To decide whether prejudice exists, courts consider bad faith, unreasonable delay, reliance, changes in position, and effects on other claimants. *Id.* Prejudice requires some legal detriment beyond having to litigate the merits of a claim or pay it. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 102 (9th Cir. BAP 2006). Further, a reduction in other creditors' distributions does not, by itself, establish prejudice. *In re Simplot*, 2014 WL 2112937, at *6–7 (Bankr. D. Idaho May 20, 2014).

FSC seeks to file a formal claim for the same debt identified in the statements. Doc. No. 48 at 2, ¶ 2; Declaration. FSC sought that relief twenty-one days after the claims bar date. It attributes the missed deadline to its counsel's injury and resulting incapacity. Nothing in the record suggests bad faith, and a twenty-one-day delay caused by counsel's injury is not unreasonable.

Debtor's written objections identify no detrimental reliance, change of position, or other legal detriment that would flow from amendment. Doc. No. 56 at 1–2; Doc. No. 68 at 2–4. Debtor's schedules and plan also show that Debtor knew of FSC's debt. Doc. No. 18 at 11; Doc. No. 47 at 7. Therefore, Debtor has not shown prejudice that would bar amendment. The Court will grant the Motion and allow FSC to amend its timely informal proof of claim by filing a formal claim limited to the debt reflected in the account statements.[2]

**CONCLUSION**

For the reasons above, the Court concludes that FSC established a timely informal proof of claim, which it may amend by filing a formal proof of claim limited to the debt reflected in the account statements. The Court will therefore grant the Motion. Counsel for FSC shall submit a proposed order to the Court consistent with this decision.

DATED: November 03, 2026

NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

[2] Because the Court has concluded that FSC submitted a timely informal proof of claim that may be amended, the parties' arguments about extending the claims deadline and excusable neglect are moot. Doc. No. 48 at 1–2; Doc. No. 56 at 1–2, ¶¶ 2, 5–6; Doc. No. 68 at 3–4; *see In re Simplot*, 2014 WL 2112937, at *4. Moreover, the Court need not address FSC's estoppel arguments or Debtor's argument that sending the account statements violated the automatic stay. Doc. No. 64 at 2–4; Doc. No. 68 at 3. To the extent Debtor's unclean hands argument also challenges recognition or amendment of FSC's informal proof of claim, that objection is overruled because the alleged stay violation, by itself, does not preclude that relief. *See Sambo's Rests.*, 754 F.2d at 816–17.